USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Michael Ferrer,

                Petitioner,

–v–

United States of America,

                Respondent.

12-cr-862-11 (AJN)
16-cv-3909 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

      The Defendant in this matter, Michael Ferrer, filed a petition for habeas corpus under 28 U.S.C. § 2255 on May 25, 2016. Dkt. No. 374. Following the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), on May 1, 2017, the Petitioner moved to dismiss his petition under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 412. That same day, the Court "So Ordered" the notice of dismissal. *Id.*

      Following the dismissal, the Government asked the Court to "clarify the record to reflect that the dismissal of Ferrer's Section 2255 Motion is with prejudice, in light of the intervening Supreme Court decision in *Beckles*; and that the defendant is on notice that the withdrawn motion may nonetheless count as his first Section 2255 motion under the gatekeeping requirements of 28 U.S.C. § 2255(h). Dkt. No. 416. Mr. Ferrer, through counsel, opposed the request. Dkt. No. 415.

      The Court subsequently ordered supplemental briefing on two questions: First, did this Court have power to decide "whether a voluntarily dismissed or withdrawn 28 U.S.C. § 2255 petition is with prejudice for purposes of determining whether any subsequent petition would be

second or successive, or whether that question should properly be reserved for the district court subsequently faced with a potentially second or successive habeas petition or the court of appeals?" Dkt. No. 417.  Second, assuming the Court could decide this issue, did the voluntary withdrawal of Mr. Ferrer's petition "constitute a first habeas petition for purposes of triggering 28 U.S. Code § 2255(h)'s provisions governing second or successive motions?"  The parties submitted briefing in response to the Court's order.  Dkt. No. 418, 420.

       The Court concludes that there is no live dispute between the parties to be resolved. Mr. Ferrer has not filed a subsequent habeas petition, so the Court is powerless to opine on how a *future court*—whether this Court or the Second Circuit—should resolve the issue of whether his voluntary dismissal triggers AEDPA's successive-habeas rules.  The Second Circuit's decision in *Thai v. United States* is instructive in this regard.  391 F.3d 491, 494 (2d Cir. 2004).  There, the district court construed a pro se petitioner's filings in a habeas case, and the petitioner's subsequent non-response to the court's orders, as a request to withdraw his petition.  The district court alerted the petitioner that the voluntary withdrawal of his petition could create a procedural hurdle for any subsequent petition under AEDPA, but "refrained from definitely resolving that issue." *Id.* at 494.  The district judge further "declined to classify her decision permitted withdrawal as with or without prejudice, believing that a decision either way would prematurely determine the fate of future filings." *Id.*  In dicta, the Second Circuit stated it was proper for the district court not to decide this issue, "as there was no successive petition yet before the [district] court."

       The Court agrees.  "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC*, 568 U.S. at 90 (quoting *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006).  Here,

there is no live controversy or dispute for the Court to address, and the Court declines the Government's invitation to in any way characterize, for a future court, the withdrawal of Mr. Ferrer's petition for habeas corpus.

SO ORDERED.

Dated: September 28, 2020
       New York, New York

ALISON J. NATHAN
United States District Judge